IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CATHERINE ANASTASIO, individually and on behalf of all other similarly situated, et al., | : : : : | |
| Plaintiffs, | : : | CIVIL ACTION NO. 1:08-CV-3462-JOF |
| v. | : : | |
| INTERNAP NETWORK SERVICES CORP. and JAMES P. DEBLASIO, | : : : | |
| Defendants. | : | |

## OPINION AND ORDER

This matter is before the court on Defendants' motion to dismiss Plaintiffs' class action complaint [9] and Plaintiffs' first motion for leave to file amended complaint [15].

Plaintiffs, Catherine and Stephen Anastasio, filed the instant securities class action lawsuit against Defendants, Internap Network Services Corp. and its President and Chief Executive Officer, James P. DeBlasio, on November 12, 2008, alleging that Defendants made misrepresentations and omissions as part of a scheme to artificially inflate Internap's stock price in connection with the integration of VitalStream Holdings, Inc., a company acquired by Internap in early 2007.[1] Plaintiffs seek to represent a class of individuals or

---

[1] Since the filing of the initial complaint, Curtis Whitaker, Patricia Espada, and Fred Matise have joined as Plaintiffs.

entities that purchased and/or acquired common stock of Internap from March 28, 2007 through March 18, 2008.

On January 20, 2009, Defendants filed an answer to Plaintiffs' complaint and a motion to dismiss contending that Plaintiffs' complaint did not state a claim under the Private Securities Litigation Reform Act ("the Reform Act") and other relevant law because the complaint (1) failed to allege Defendants made a material misrepresentation or omission that caused a loss and (2) did not allege particularized facts that give rise to a "strong inference" of scienter that is cogent and at least as compelling as any nonfraudulent inferences. Plaintiffs responded to Defendants' motion to dismiss by filing their own motion to amend complaint. Defendants ask the court to deny Plaintiffs' motion to amend complaint arguing that Plaintiffs have no right under the Reform Act to amend their complaint and that Plaintiffs' motion does not meet the requirements of Federal Rule of Civil Procedure 15(a) because the "new" allegations in the amended complaint were known or should have been known to Plaintiffs prior to the filing of their suit, and Plaintiffs offer no reason for why those allegations were not contained in the original complaint. Defendants also contend that the Reform Act limits the ability of courts to grant leave to amend under Rule 15. Finally, Defendants argue that if the court permits the amendment, it should do so with the conditions of (1) limiting the amended complaint to information not available to Plaintiffs at the time the complaint was filed, (2) limiting the amended

2

complaint to the claims asserted in the original complaint, and (3) ordering Plaintiffs to pay the attorney's fees expended by Defendants in filing their motion to dismiss.

In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court held that leave to amend a complaint should be "freely given" in the absence of "undue delay, bad faith or dilatory motive . . ., repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . [and] futility of amendment." *Id.* at 182; *see also* Fed. R. Civ. P. 15(a). The court disagrees with Defendants' assertion that the Reform Act somehow limits the application of Rule 15(a). *See*, *e.g.*, *ACA Financial Guaranty Corp. v. Advest, Inc.*, 512 F.3d 46 (1st Cir. 2008) (PSLRA does not alter policy for liberal amendment of pleadings); *Belizan v. Herson*, 434 F.3d 579, 583-84 (D.D.C. 2006) (same); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (same). *But compare Fidel v. Farley*, 392 F.3d 220, 223, 236 (6th Cir. 2004) ("the PSLRA restricts the scope of Rule 15(a) in the context of securities litigation such that plaintiffs have more limited ability to amend their complaints"), *overruled on other grounds, Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007).

Save the court's order approving the appointment of Lead Plaintiffs and Lead Counsel, no other activity has taken place in the case. Plaintiffs' original complaint – and the one upon which Defendants based their motion to dismiss – was twenty-four pages long and contained sixty-five paragraphs. The proposed amended complaint submitted by

3

AO 72A
(Rev.8/82)

Plaintiffs is eighty-two pages long and contains 156 paragraphs, as well as information from numerous confidential witnesses. Plaintiffs also propose adding David A. Buckel, Internap's former Chief Financial Officer, as a Defendant. Obviously, the amended complaint raises issues not addressed by Defendants in their motion to dismiss.

The court finds that the most efficient approach at this point in the litigation is to grant Plaintiffs' motion to amend complaint and then allow Defendants to file a renewed motion to dismiss based on the amended complaint. Because this is Plaintiffs' first motion to amend and because the work produced in Defendants' motion to dismiss can be utilized to address Plaintiffs' amended complaint, the court does not find it appropriate at this stage to condition Plaintiffs' amendment by either restricting the subject matter of the amendment or requiring the payment of attorney's fees. Further, it is not clear to the court that all of the information contained in Plaintiffs' proposed amended complaint was available to it at the time of the filing of the original complaint, particularly that of confidential witnesses. The court, however, does not foreclose the possibility of such conditions being applied to any future motions to amend filed by Plaintiffs.

In sum, the court DENIES WITH LEAVE TO RENEW Defendants' motion to dismiss Plaintiffs' class action complaint [9] and GRANTS Plaintiffs' first motion for leave to file amended complaint [15].

4

The Clerk of the Court is DIRECTED to file Plaintiffs' amended complaint as of the date of this order. Defendants are DIRECTED to file a renewed motion to dismiss within thirty (30) days from the date of this order with additional pleadings to be filed in accordance with this court's Local Rule 7.1.

**IT IS SO ORDERED** this 12th day of August 2009.

/s J. Owen Forrester
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)